The document below is hereby signed.

Signed: November 21, 2018

_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re )
)
CHARLES D. ADAMS and ) Case No. 18-00295
THERESA A. ADAMS, ) (Chapter 7)
) Not for Publication in
Debtors. ) West's Bankruptcy Reporter

MEMORANDUM DECISION AND ORDER
DENYING MOTION TO VACATE DISCHARGE BUT SETTING
HEARING TO RECONSIDER WHETHER TO APPROVE REAFFIRMATION AGREEMENT

This addresses the debtors' request to vacate the order granting the debtors' discharges. The request must be denied, but the court will set a hearing to reconsider whether to approve the reaffirmation agreement (Dkt. No. 50) between the debtors and Santander Consumer USA Inc., dba Chrysler Capital.

The court set a hearing of August 23, 2018, to determine whether to approve the reaffirmation agreement under 11 U.S.C. § 524(c)(6) as not imposing a hardship on the debtors or a dependent of the debtors and as being in the debtors' best interest, but the debtors failed to appear at that hearing. Accordingly, on August 24, 2018, the court disapproved the agreement. On October 16, 2018, the court entered an order

granting discharges for both debtors.

On October 29, 2018, The debtors filed a praecipe requesting that the court rescind and vacate the discharge order so that the reaffirmation agreement can be re-signed by the creditor. The praecipe further represents that the debtors were unaware of the hearing on the reaffirmation agreement.

It would be improper to vacate the discharge order. *See In re Semans*, No. BR 17-20587-PRW, 2018 WL 4182988 (Bankr. W.D.N.Y. Aug. 29, 2018). Accordingly, the request to vacate the order granting the debtors' discharges must be denied.

However, the debtors represent that they were unaware of the hearing on the reaffirmation agreement. This court misconstrued and denied a prior request seeking on that same basis to reconsider whether to approve the reaffirmation agreement.[1] Even after entry of the debtors' discharges, nothing in the Bankruptcy Code bars the court from considering anew whether to approve the reaffirmation agreement filed before entry of the

---

[1] On September 10, 2018, the debtors attempted to file a reaffirmation agreement (Dkt. No. 76) to the same effect as Dkt. No. 50 but the new version was not signed by the creditor, and on September 13, 2018, the court entered an order (Dkt. No. 77) striking that new agreement. On September 20, 2018, the debtors filed a praecipe (Dkt. No. 81) seeking reconsideration of the original reaffirmation agreement (Dkt. No. 50) and representing that "there was a mishap with the court date . . . ." The court misconstrued that praecipe as directed to the more recent order (Dkt. No 77) striking the version of the reaffirmation agreement not signed by the creditor, and on October 4, 2018, entered an order (Dkt. No. 83) denying the request for reconsideration.

debtors' discharges.  Because of the court's error in considering
the debtors' prior request to reconsider the disapproval of the
reaffirmation agreement, because no other party will be
prejudiced, and because the debtors are proceeding without
counsel, the court will view their praecipe filed on October 29,
2018, as seeking relief under Fed. R. Bankr. P. 60(b) within a
reasonable period of time from the order disapproving the
reaffirmation agreement.  Although the court doubts that the
reaffirmation agreement is in the best interests of the debtors,
they should be allowed to attempt to show that it is in their
best interests.  Accordingly, the court will hold a hearing to
reconsider whether to approve the reaffirmation agreement.  It is
thus

ORDERED that the debtors' request in their praecipe filed on
October 29, 2018, to vacate the order granting them discharges is
DENIED.  It is further

ORDERED that on December 13, 2018, at 10:30 a.m. the court
will hold a hearing to reconsider whether to approve the debtors'
reaffirmation agreement (Dkt. No. 50).

[Signed and dated above.]

Copies to: Debtors;

Santander Consumer USA Inc.
   dba Chrysler Capital
c/o Stewart, Zimen & Jungers
2860 Patton Road
Roseville, MN 55113
Attention: Bradley J. Halberstadt